1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

JOSEPH VINCENT KAUTH,

No.  1:23-cv-01733 GSA (PC)

12

Plaintiff,

13

v.

14

TULARE COUNTY SHERIFF
DEPARTMENT, et al.,

15
16

Defendants.

ORDER DIRECTING DEFENDANT TO
INFORM COURT OF:

(1) THE STATUS OF PLAINTIFF'S
RELATED STATE COURT MATTER, AND

(2) WHETHER DISPOSITIVE RULINGS ON
DEFENDANT'S PENDING EX PARTE
APPLICATION AND MOTION TO COMPEL
ARE STILL WARRANTED

17
18

(See ECF Nos. 29, 31)

19

DEFENDANT'S RESPONSES DUE IN
THREE DAYS

20
21

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil

22

rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States

23

Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  This matter is at the

24

dispositive motion phase of the proceedings.  See ECF No. 20 (discovery and scheduling order).

25

        Before this Court are Defendant Jones' ex parte application for the extension of discovery

26

deadlines (ECF No. 29) and an amended motion to compel (ECF No. 31).  Recently, Defendant

27

has also filed a motion for summary judgment, which is still pending.  See ECF No. 35.  In

28

addition, as of April 2025, it appears that Plaintiff had an open state court matter in Tulare County

1

1    Court that is linked to this case.  See ECF No. 29-1 at 11 (Decl. of Deputy County Counsel

2    Jennifer L. Varner).

3        For the reasons stated below, Defendant Jones will be directed to:  (1) inform the Court of

4    the status of Plaintiff's state court matter in Tulare County Court, Case No. PCF441165, and (2)

5    inform the Court whether issuing substantive dispositive rulings on the motion to extend

6    discovery deadlines and the amended motion to compel is still warranted (as opposed to the

7    summary denials of them as moot), given the existence of Plaintiff's county matter and the fact

8    that Defendant has recently filed a motion for summary judgment.  Defendant will be given three

9    days to comply with this order.

10        I.    RELEVANT FACTS

11        Plaintiff's complaint was docketed in this Court on December 18, 2023.  ECF No. 1.

12    Thereafter, it was screened (see ECF No. 10), and on September 30, 2024, Plaintiff's complaint

13    was ordered to be served on Defendant Jones (see ECF No. 17).

14        Defendant filed an answer to the complaint on December 5, 2024.  ECF No. 19.  Shortly

15    thereafter, on December 16, 2024, the Court issued a discovery and scheduling order.  ECF No.

16    20.  The order stated in relevant part, that the end date for discovery as well as the due date for

17    motions to compel were due on April 7, 2025, and that pretrial motions in this case were due on

18    June 30, 2025.  See id. at 6.

19        On April 8, 2025, Defendant filed the instant ex parte application to extend the discovery

20    deadlines.  ECF No. 29.  In it, Defendant requested that either the discovery deadline be extended

21    to July 7, 2025, or later, or that the matter be stayed in its entirety due to the fact that at that time,

22    Plaintiff also had a state criminal matter which stemmed from the instant proceedings that needed

23    to be resolved.  See id. at 3.  The same day, Defendant also filed a motion to compel responses to

24    certain discovery requests as well as a request that the Plaintiff be ordered to sit for a deposition.

25    See ECF No. 31.  An amended motion to compel was then filed the next day.  See ECF No. 32.

26        On April 9, 2025, Plaintiff also filed a motion to compel, which is also currently pending.

27    See ECF No. 33.  Defendant has filed an opposition to Plaintiff's motion.  See ECF No. 34.

28        Finally, on June 30, 2025, Defendant filed the instant motion for summary judgment.

1   ECF No. 35.  To date, Plaintiff has not filed a response to it.

2       II.   <u>DISCUSSION</u>

3       As a threshold matter, given the fact that as of April 2025, Plaintiff had an active criminal

4   matter pending in state court that is related to this case, a ruling of any sort on in the instant

5   matter may be precluded by law.  "[A] federal court may not interfere with a pending state

6   criminal prosecution absent exigent circumstances." <u>Logan v. U.S. Bank Nat. Ass'n</u>, 722 F.3d

7   1163, 1167 (9th Cir. 2013) (citing <u>Younger v. Harris</u>, 401 U.S. 37, 43-54 (1971)).

8       At the same time, however, given that Defendant has filed his motion for summary

9   judgment, it is unclear:  (1) whether Plaintiff's state court matter is still being litigated, and (2)

10  whether Defendant still needs the Court to issue substantive rulings on his pending ex parte

11  application for the extension of the discovery deadlines and his amended motion to compel.

12  Therefore, prior to ruling on either of the two motions, Defendant will be ordered to provide the

13  Court with status of Plaintiff' state court matter in Tulare County Court Case No. PCF441165.

14      Although Defendant's response to this single question is likely to inform the Court as to

15  whether a stay of this matter is required, given that Defendant has filed a motion for summary

16  judgment despite the fact that the Court has not ruled on the two instant discovery-related

17  motions, Defendant will also be ordered to inform the Court whether a substantive disposition of

18  the two motions is warranted at this point in the case, as opposed to both motions being

19  summarily denied as moot.  Defendant will be given three days to file responses to these two

20  questions.

21      Accordingly, IT IS HEREBY ORDERED that within three days from the date of this

22  order, Defendant shall INFORM the Court of the following:

23      1.  The STATUS of Plaintiff's state court matter in Tulare County Court, Case No.

24  PCF441165, <u>i.e.</u>, whether it is still being litigated, and

25      2.  Whether the Court issuing substantive rulings on his pending ex parte application for

26  the extension of the discovery deadlines (ECF No. 29) and his amended motion to compel (ECF

27  No. 31) is still warranted.

28

3

1

2

IT IS SO ORDERED.

3

Dated:    **July 30, 2025**                                    **/s/ Gary S. Austin**

4

UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28