UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSEPH VINCENT KAUTH,

Plaintiff,

v.

TULARE COUNTY SHERIFF DEPARTMENT, et al.,

Defendants.

Case No.: 1:23-cv-01733-CDB

**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

(Doc. 35)

**14-DAY OBJECTION DEADLINE**

Clerk of the Court to Assign District Judge

Plaintiff Joseph Vincent Kauth is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's constitutional claim against Defendant Kenneth Jones, II.

**I.      RELEVANT BACKGROUND**

Plaintiff initiated this action by filing a complaint on December 18, 2023. (Doc. 1.)

Following screening by the previously assigned magistrate judge and service of process, Defendant Kenneth Jones, II filed an answer to the complaint on December 5, 2024. (Doc. 19.)

The Court issued a Discovery and Scheduling Order on December 16, 2024. (Doc. 20.)

On April 8, 2025, Defendant file an Ex Parte Motion to Continue Discovery Deadlines (Doc. 29) and an amended motion to compel discovery responses (Doc. 31).

On April 9, 2025, Plaintiff filed a Notice of Re-Filing Motion to Compel Discovery (Doc.

32) and Motion to Compel with Supporting Memorandum (Doc. 33).

On June 30, 2025, Defendant filed a merits-based motion for summary judgment. (Doc. 35.) Defendant's motion included a *Rand*[1] warning, addressing the requirements for opposing a motion for summary judgment. (*Id*. at 1-3.) Plaintiff did not file an opposition.

On July 31, 2025, the previously assigned magistrate judge issued an Order Directing Defendant to Inform Court of: (1) the Status of Plaintiff's Related State Court Matter, and (2) Whether Dispositive Rulings on Defendant's Pending Ex Parte Application and Motion to Compel Are Still Warranted. (Doc. 37.)

In an August 4, 2025, status report, Defendant advised that the related state court criminal matter involving Plaintiff was set for sentencing on August 22, 2025, and asked the Court "to defer a ruling on the motion to extend discovery and to compel discovery responses until after the Court renders a decision on the summary judgment motion." (Doc. 38.)

On October 6, 2025, this matter was reassigned to the undersigned. (Doc. 39.) The Court now considers Defendants' unopposed summary judgment motion.

**II.      APPLICABLE LEGAL STANDARDS**

***Motions for Summary Judgment***

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials...." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See*

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

2

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or shows that the materials cited by the movant do not establish the absence of a genuine dispute. *See* Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Further, the opposing party must also demonstrate that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. *See Anderson*, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *See Matsushita*, 475 U.S. at 587. Nevertheless, "inferences are not drawn out of thin air," and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v.*

3

*Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

A court may grant an unopposed or inadequately opposed motion for summary judgment if the supporting papers are themselves sufficient to warrant granting the motion and do not on their face reveal a genuine issue of material fact. *See Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

### *Eighth Amendment: Excessive Force*

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. McMillian*, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7 (brackets added) (referencing *Whitley v. Albers*, 475 U.S. 312 (1986)). Under the Eighth Amendment, a court looks for malicious and sadistic force, not merely objectively unreasonable force. *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). "[T]he extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation." *Hudson*, 503 U.S. at 7 (internal quotation marks omitted) (citing Whitley, 475 U.S. at 321).

When determining whether the use of force was wanton and unnecessary, evaluating the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response may also be proper to evaluate. *See id.* (citation omitted). The absence of serious injury is therefore relevant to the Eighth Amendment inquiry but does not end it. *Id.*

"[N]ot every malevolent touch by a prison guard gives rise to a federal action." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (internal quotation marks omitted) (citing *Hudson*, 503 U.S. at 9). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id*. at 37-38 (citation omitted). "An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Id*. at 38 (citations & internal quotation marks omitted). While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson*, 503 U.S. at 9 (citing *Whitley*, 475 U.S. at 327). "Injury and force … are only imperfectly correlated, and it is the latter that ultimately counts." *Wilkins*, 559 U.S. at 38.

### III.    PLAINTIFF'S ALLEGATIONS

Plaintiff named "Jones II Kennet" (later identified as Kenneth Jones, II) and the Tulare County Sheriff's Office as defendants in this action. (Doc. 1 at 2.) Plaintiff contends that on May 2, 2023, Defendant Jones kicked him three times from a standing position while Plaintiff lay prone on his stomach, after he had been handcuffed by other officers. (*Id*. at 3.) Plaintiff contends Defendant Jones's actions were intentional and "very malicious." (*Id*.) He maintains he suffered physically and mentally and will do so for the rest of his life. (*Id*.) Plaintiff seeks $10,000,000.00 in damages. (*Id*.)[2]

### IV.    DEFENDANT'S STATEMENT OF UNDISPUTED FACTS

Defendant submitted the following statement of undisputed facts:

1.  Defendant Jones was a Sergeant with the Tulare County Sheriff's Department.

2.  On May 2, 2023, Sgt. Jones was assigned to join multi-law enforcement agency efforts to locate and arrest Plaintiff Kauth who was considered to be armed with a firearm and

---

[2] The Tulare County Sheriff's Department is not a defendant in this action. (*See* Doc. 10 [Screening Order issued 8/6/24] & Doc. 11 [Plaintiff's Notice on How to Proceed filed 8/16/24].)

dangerous.

3. Defendant Sgt. Jones was told that Kauth was on the Tulare County's top ten most wanted fugitives.

4. Sgt. Jones knew that Kauth had prior felony convictions.

5. Sgt. Jones knew Kauth had a prior history of arrests that included weapons and drug-related charges.

6. Sgt. Jones knew that the Tule River Tribal Police had asked for assistance in apprehending Kauth.

7. Sgt. Jones knew that Tribal Police had reported they had tried to apprehend Kauth earlier in the day, that Kauth had evaded arrest, was armed, and had fired a handgun at Tribal Police who were trying to arrest him.

8. A known associate of Kauth's reported that Kauth had said that he would not be arrested that day, which based on [Jones's] experience and training could have meant that he intended to use force to avoid arrest or may have been intending suicide by cop.

9. When attempts to arrest Kauth were made by Sgt. Jones, Kauth led officers on a chase through the orchards of Porterville, ultimately crashing into a fence, where he was apprehended and hid on foot.

10. Prior to locating and arresting Kauth at the property where he was hiding, multiple announcements were made directing him to come out with his hands up, and that they had a police dog that would be released.

11. Kauth failed to comply with orders.

12. Kauth was located hiding in a truck, in an unsecured area.

13. Kauth was bitten by the Police dog and then pulled from the truck by the police dog because Kauth refused commands to exit the vehicle.

14. Kauth failed to cooperate with officers' attempts to handcuff Kauth.

15. Plaintiff was actively resisting arrest by kicking his feet and refusing to give up his hands to be cuffed by officers.

6

16. Kauth was exhibiting extraordinary strength by resisting multiple officers' attempts to control Kauth's feet and arms and secure him in handcuffs.

17. Sgt. Jones believed, based on training and experience, that Kauth was under the influence of an unlawful mind altering stimulant.

18. Based on his training and experience, and the circumstances presented, this was a highly volatile, dangerous police operation.

19. Believing that officer safety was at risk, based on the circumstances presented, and based on his training and experience, Jones used three quick kicks to distract Kauth so that Officers could secure Kauth in handcuffs.

20. Kauth was arrested without further incident and checked for injury by medical staff.

21. County's expert has opined that the situation presented "is about as dangerous as it gets" and that an armed prone suspect poses an immediate extreme risk to law enforcement.

22. County's expert has opined that nothing he read in the arrest report or saw on the video caused him to opine that force was unreasonable, excessive, or out of policy.

23. County's expert has opined that Sgt. Jones' conduct was within police policy and consistent with POST training.

(Doc. 35-2 [hereafter UDF].) [3]

## V.    DISCUSSION

### *Defendant's Motion for Summary Judgment*

Briefly stated, Defendant asserts he is entitled to summary judgment because the evidence

---

[3] Because Plaintiff did not file an opposition, he neither admitted nor denied the facts set forth by Defendant as undisputed nor filed a separate statement of disputed facts. Local Rule 260(b). A verified complaint in a pro se civil rights action may constitute an opposing affidavit for purposes of the summary judgment rule, where the complaint is based on an inmate's personal knowledge of admissible evidence, and not merely on the inmate's belief. *McElyea v. Babbitt,* 833 F.2d 196, 197-98 (9th Cir. 1987) (per curium); *Lew v. Kona Hospital*, 754 F.2d 1420, 1423 (9th Cir. 1985); Fed. R. Civ. P. 56(e). Here, because Plaintiff has not complied with Rule 260(b), the Court deems Plaintiff to have admitted those facts not disputed by his complaint or other submissions. *See, e.g., Beard v. Banks*, 548 U.S. 521, 527 (2006) ("by failing specifically to challenge the facts identified in the defendant's statement of undisputed facts, [plaintiff] is deemed to have admitted the validity of the facts contained in the [defendant's] statement"); *Brito v. Barr*, No. 2:18-cv-00097-KJM-DB, 2020 WL 4003824, at *6 (E.D. Cal. July 15, 2020) (deeming defendant's undisputed facts as admitted after plaintiff failed to comply with Local Rule 260(b)); *see also Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

establishes the kicks inflicted only transient pain without significant risk of injury amounting to low level force, the use of force was justified by the governmental interests at stake and the severity of the crimes, Plaintiff posed an immediate threat of serious bodily injury or death to officers and the public, Plaintiff resisted arrest, and even assuming "a triable issue as to whether the use of force here was objectively reasonable, Defendant would still be entitled to qualified immunity." (Doc. 35-1.)

The Court has reviewed all the evidence presented, including supporting declarations and all exhibits. (Doc. 35-3, 35-4 & 35-5.) As noted above, Plaintiff did not oppose Defendant's motion.

### *Analysis*

#### A.  <u>The Need for Application of Force</u>

Defendant Jones has presented evidence that the application of force was necessary under the circumstances present here. Jones was aware that Plaintiff was believed to be armed and dangerous on the date in question, was a Tulare County top ten most wanted fugitive, and had prior felony convictions and prior arrest history that included weapon and drug charges. UDF 2-5. Further, Jones has presented evidence indicating he was aware of the Tule River Tribal Police asking for assistance in apprehending Plaintiff after their earlier attempt to arrest Plaintiff resulted in Plaintiff firing a handgun at tribal officers before ultimately evading arrest by that agency. UDF 6-7. Moreover, Jones has presented evidence that a known associate of Plaintiff's reported that Plaintiff stated that "he would not be arrested that day," which is an indicator of an intention to use force to avoid arrest or to commit suicide by cop. UDF 8. Thus, Defendant Jones has met his initial burden by demonstrating there is no genuine dispute as to any material fact concerning a required element of Plaintiff's excessive force claim. Fed. R. Civ. P. 56(c)(1)(A).

#### B.  <u>The Relationship Between the Need and Amount of Force Used</u>

Defendant Jones has also presented evidence concerning the relationship between the need for the use of force and the amount of force used. Specifically, Jones presented evidence that Plaintiff led Tulare County officials on a chase through Porterville orchards before crashing into a fence and hiding to avoid capture. UDF 9. Once Plaintiff was located hiding in a truck on a

8

nearby property, despite multiple announcements directing Plaintiff to come out with his hands up and that a police dog was present, Plaintiff failed to comply. UDF 10-12. When Plaintiff refused to comply, the police dog was deployed, and Plaintiff was pulled from the truck by the dog and was bitten during that encounter. UDF 13.

Jones has also presented evidence that Plaintiff did not cooperate with law enforcement officials' attempts to handcuff him; instead, Plaintiff actively resisted by kicking his feet and refusing to "give up his hands to be cuffed." UDF 14-15. Further, Jones has presented evidence that Plaintiff exhibited extraordinary strength during that resistance, an indication in Jones's experience that Plaintiff was under the influence of a mind-altering stimulant, and one that presents a highly volatile and dangerous situation. UDF 16-18. Jones has also presented evidence that based on the circumstances and his training and experience, he "used three quick kicks to distract" Plaintiff, allowing for other officers to secure Plaintiff in handcuffs without further incident. UDF 19-20. Finally, Jones has presented expert testimony indicating the situation on May 2, 2023, was dangerous, posed an extreme risk to law enforcement, and that Jones's actions were consistent with training and policy. UDF 21-23.[4] Therefore, Defendant Jones has met his initial burden by demonstrating there is no genuine dispute as to any material fact concerning a required element of Plaintiff's excessive force claim. Fed. R. Civ. P. 56(c)(1)(A).

## C.  The Threat Reasonably Perceived by Defendant Jones

Next, Defendant Jones has presented evidence concerning the reasonableness of the threat perceived. As noted above, Jones was aware that Plaintiff was likely armed and dangerous on May 2, 2023, was a top ten fugitive, had prior convictions and an arrest history, and that Plaintiff had successfully eluded capture by the Tule River Tribal Police after firing a weapon during his encounter with them on the same date. UDF 2-7. Jones was also aware that Plaintiff had advised a known associate that he did not intend to be arrested that day. UDF 8. Additionally, Jones has

---

[4] The Court disregards the expert's statement that nothing he reviewed in the record led him to opine that Defendant's use of force was unreasonable or excessive (UDF 22). *Cf. Stevenson v. Holland*, 504 F. Supp. 3d 1107, 1119 (E.D. Cal. 2020) (permitting use of force expert to offer "opinions on whether certain actions were in accordance with relevant training and best practices") *with Morgan v. City of Los Angeles*, No. 2:17-cv-06693-VAP-JEMx, 2020 WL 6048831, at *3-4 (C.D. Cal. June 23, 2020) (police practices expert could not offer opinion as to whether officer's actions constituted "excessive force" or were "objectively reasonable").

9

presented expert testimony indicating the situation on May 2, 2023, was dangerous and posed an extreme risk to law enforcement. UDF 21. In sum, Defendant Jones has met his initial burden of demonstrating there is no genuine dispute as to any material fact concerning a required element of Plaintiff's excessive force claim. Fed. R. Civ. P. 56(c)(1)(A).

### D. Efforts to Temper the Severity of the Forceful Response

Defendant Jones has presented evidence concerning efforts made to temper the severity of the forceful response used on May 2, 2023. As noted earlier, once Plaintiff was located hiding in a truck, he was given multiple opportunities to exit the vehicle with his hands up to avoid intervention by a police dog. UDF 10-13. And even after the police dog intervened and Plaintiff was pulled from the truck, Plaintiff refused to be handcuffed and actively resisted officers' efforts by kicking his feet and refusing to provide his hands. UDF 14-15. When Jones observed Plaintiff exhibit extraordinary strength during that encounter and believed Plaintiff was under the influence of a mind-altering stimulant, he delivered three quick kicks to Plaintiff to distract him so other officers could secure Plaintiff in handcuffs. UDF 16-19. Thereafter, Plaintiff was taken into custody without further incident. UDF 20. Additionally, Jones has presented expert testimony indicating the force used was consistent with training and policy. UDF 22-23. The Court finds that Defendant Jones has met his initial burden of demonstrating there is no genuine dispute as to any material fact concerning a required element of Plaintiff's excessive force claim. Fed. R. Civ. P. 56(c)(1)(A).

### E. The Absence of Serious Injury

Finally, Defendant Jones has presented evidence that Plaintiff did not suffer serious injury. Although Plaintiff was bitten by the police dog as he was removed from the truck, after Plaintiff was in custody, he was checked and treated by medical staff. UDF 13, 20; *see also* UDF 22-23. Again, Defendant Jones has met his initial burden of demonstrating there is no genuine dispute as to any material fact concerning a required element of Plaintiff's excessive force claim. Fed. R. Civ. P. 56(c)(1)(A).

### F. The Burden Shifts to Plaintiff

Because the Court finds Defendant Jones met his initial burden, the burden then shifts to

10

Plaintiff to establish that a genuine issue as to any material fact exists. *Matsushita*, 475 U.S. at 586. Here, Plaintiff has failed to present any evidence establishing that a genuine issue as to any material fact exists. Fed. R. Civ. P. 56(e). He has tendered no evidence in the form of affidavits or admissible discovery material, nor has he shown the materials cited by Jones do not establish the absence of a material fact. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11; *see also Henry*, 983 F.2d at 950.

Further, the assertions made in Plaintiff's complaint do not establish the existence of a factual dispute concerning the use of excessive force. While Plaintiff alleges Jones kicked him three times while he lay prone on his stomach and after he was handcuffed, he offers no evidence to refute Defendant's showing that Plaintiff was not yet handcuffed or in custody when Jones kicked Plaintiff three times to gain compliance. Thus, the evidence establishes that the force employed by Jones was de minimis in these circumstances. *Wilkins*, 559 U.S. at 37-38 ("The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind"). Plaintiff otherwise has failed to tender any evidence to support his position the Jones's use of force was excessive. Fed. R. Civ. P. 56(c); *McElyea,* 833 F.2d at 197-98; *Lew*, 754 F.2d at 1423.

As concerns injury, Plaintiff's complaint asserts that he suffered both "physically" and "mentally" and would continue to do so because of Jones's actions. And while the complaint fails to provide any specific information concerning the alleged physical or mental injuries, video evidence presented by Defendants reveals Plaintiff appears to have been bitten by the police dog and suffered at least a laceration to his head. [5] Even assuming it can be reasonably inferred from Plaintiff's complaint that his injuries were more than de minimis,[6] *Matsushita*, 475 U.S. at 587;

[5] Documentary evidence indicates Plaintiff received injuries on the date in question. For example, a supplemental narrative dated May 3, 2023, at 12:45 p.m. by Randy Hoppert notes that after Plaintiff was treated by ambulance personnel and then medical personnel at Sierra View Hospital, once Plaintiff was at the Tulare County South County Detention Facility, Hoppert observed "multiple puncture marks on the front of [Plaintiff's] head consistent with a dog bite," an 3-inch abrasion on Plaintiff's left cheek above his left eye brow, a 6-inch bruise on his left hip, and a small bruise on his left buttock. (*See* Doc. 35-3 at 24-25.)

[6] Injuries and force "are only imperfectly correlated, and it is the latter that ultimately counts." *Wilkins*, 559 U.S. at 38.

11

*Richards*, 602 F. Supp. at 1244-45, Plaintiff has failed to establish a genuine dispute of material fact as to all other elements of his excessive force claim. Plaintiff's complaint does nothing more than "show there is some metaphysical doubt as to the material facts" and is insufficient to overcome Defendant's unchallenged evidence. *Id*. at 587.

### G.  Summary of the Court's Findings

Plaintiff has wholly failed to offer proof concerning the essential elements of his Eighth Amendment excessive force claim against Defendant Jones. *Celotex*, 477 U.S. at 322. Defendant Jones met his initial burden to establish no genuine issue of material fact exists. Plaintiff failed to meet his burden of production to establish otherwise. And nothing in Plaintiff's complaint establishes the existence of a material fact concerning the use of excessive force. In sum, the record taken as a whole would not lead a rational trier of fact to find for Plaintiff on his Eighth Amendment excessive force claim. *Matsushita*, 475 U.S. at 587. Therefore, the undersigned will recommend Defendant Jones's summary judgment motion be granted.

Finally, the Court does not specifically address Defendant's argument that he is entitled to qualified immunity because it has determined that Defendant is entitled to judgment on the merits as discussed above.

### VI.    ORDER AND RECOMMENDATIONS

Accordingly, this Court **HEREBY ORDERS** that the Clerk of the Court randomly assign a district judge to this action.

Further, based on the foregoing, this Court **HEREBY RECOMMENDS** that:

1. Defendant's motion for summary judgment (Doc. 35) be **GRANTED**; and

2. The Clerk of the Court be directed to enter judgment in favor of Defendant Kenneth Jones, II, terminate any pending motions and/or deadlines, and to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without

leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **February 17, 2026**

UNITED STATES MAGISTRATE JUDGE

13