**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH VINCENT KAUTH,<br><br>                    Plaintiff,<br><br>          v.<br><br>TULARE COUNTY SHERIFF<br>DEPARTMENT, et al.,<br><br>                    Defendants. | Case No.: 1:23-cv-01733 KES CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ORDER DIRECTING THE CLERK OF COURT TO TERMINATE PENDING MOTIONS, ENTER JUDGMENT IN FAVOR OF DEFENDANT JONES AND AGAINST PLAINTIFF, AND TO CLOSE THIS CASE<br><br>Docs. 35, 41 |

Joseph Vincent Kauth asserts Kenneth Jones II used excessive force during his arrest. *See generally* Doc. 1. Jones moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Doc. 35. Kauth did not oppose the motion.

The magistrate judge found Jones "presented evidence that the application of force was necessary under the circumstances." Doc. 41 at 8. In addition, the magistrate judge found the evidence showed Kauth "did not cooperate with law enforcement officials' attempts to handcuff him; instead, [Kauth] actively resisted by kicking his feet and refusing to 'give up his hands to be cuffed.'" *Id.* at 9. The magistrate judge noted an expert opined the circumstances surrounding the arrest were "dangerous, posed an extreme risk to law enforcement, and that Jones's actions were consistent with training and policy." *Id.* The magistrate judge found Jones carried the

burden to show there was "no genuine dispute as to any material fact" concerning the excessive force claim. *Id.* at 9-10.

The magistrate judge found "the assertions made in [the] complaint do not establish the existence of a factual dispute concerning the use of excessive force." Doc. 41 at 11. Comparing the evidence with the allegations in the complaint, the magistrate judge found "the force employed by Jones was de minimis in these circumstances." *Id.* The magistrate judge recommended summary judgment be granted in favor of Defendant Jones.

On February 17, 2026, the Court served the findings and recommendations on the parties and informed them that any objections were due within 14 days. Doc. 41 at 12. The Court also advised that "failure to file any objections within the specified time may result in the waiver of certain rights on appeal." *Id.* (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)). Kauth did not file objections, and the time to do so expired.

In accordance with 28 U.S.C. § 636(b)(1), this Court performed a de novo review of this case. Having carefully reviewed the file, the Court concludes the findings and recommendations are supported by the record and proper analysis. The Court **ORDERS**:

1.    The findings and recommendations issued on February 17, 2026 (Doc. 41), are **ADOPTED** in full.

2.    Defendant's motion for summary judgment (Doc. 35) is **GRANTED**.

3.    The remaining pending motions (Docs. 29, 31, and 33) are terminated as **MOOT**.

4.    The Clerk of Court is directed to enter judgment in favor of Defendant Kenneth Jones II and against Plaintiff Joseph Vincent Kauth, and to close this case.

IT IS SO ORDERED.

Dated:   March 14, 2026

_____
UNITED STATES DISTRICT JUDGE

2